

**The following constitutes the order of the Court.**

Signed September 12, 2005

*Honlin De Wayne Hale*

**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JERRY L. MAXWELL and | § | Case No. 03-36981 HDH-7 |
| REBECCA A. MAXWELL, | § | |
| | § | |
| Debtors. | § | |

---

| | | |
|---|---|---|
| RHONDA HUGHES and | § | |
| JAMES MONTEE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 05-3017 |
| | § | |
| JERRY L. MAXWELL and | § | |
| REBECCA A. MAXWELL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION ON DISCHARGEABILITY COMPLAINT

On September 8, 2005, this Court conducted a trial on the Complaint to Determine

Dischargeability of Debt[1], filed by Plaintiffs, Rhonda Hughes and James Montee.  Both sides appeared and offered testimony, documentary evidence, and argument.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district.  This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

The Plaintiffs' seek a determination that the damages they suffered as a result of poor plumbing work done to their home by Debtor, Jerry Maxwell, are not dischargeable, pursuant to Bankruptcy Code Section 523(a)(2)(A), which provides in relevant part that a debt will not be discharged in bankruptcy if it is "for money, property, services, or an extension, renewal, or refinancing of credit," to the extent that it was "obtained by false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).

The burden is on the Plaintiffs to prove by a preponderance of the evidence that each of the elements under section 523(a)(2)(A) has been met.  *See Grogan v. Garner,* 498 U.S. 279, 286-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).   For a debt to be nondischargeable under section 523(a)(2)(A), a creditor must show:

> (1) the debtor made a representation;
> (2) the debtor knew the representation was false;
> (3) the representation was made with the intent to deceive the creditor;
> (4) the creditor actually and justifiably relied on the representation;  and
> (5) the creditor sustained a loss as a proximate result of its reliance.

*General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

---

[1]The Plaintiffs agreed to dismiss their claims that the Debtors' discharge should be denied under 11 U.S.C. § 727(a)(4) and -(5), at the Docket Call held prior to the commencement of the trial.

Section 523(a)(2)(A) "contemplates frauds involving 'moral turpitude or intentional wrong;  fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient.'"  *Allison v. Roberts (In re Allison)*, 960 F.2d 481, 483 (5th Cir.1992).  Any misrepresentations must be "knowingly and fraudulently made."  *In re Martin,* 963 F.2d 809, 813 (5th Cir. 1992).  "[A]n honest belief, even if unreasonable, that a representation is true and that the speaker has information to justify it does not amount to an intent to deceive.  Thus, a 'dumb but honest' defendant does not have [the required intent to deceive]."  *Acosta*, 406 F.3d at 372 (citations omitted).

Mr. Maxwell provided plumbing services on Plaintiffs' home.  Generally,  the Plaintiffs assert that their claims against Debtor should not be discharged because (1) Mr. Maxwell was not qualified to be a Master Plumber because he had not filed his insurance policy with the state plumbing board as required by Texas law; and (2) Mr. Maxwell did not do the work on Plaintiffs' home as represented or in conformance with the Texas plumbing code.

There is no evidence before this Court that Mr. Maxwell was not a qualified Master Plumber on the dates he contracted with Plaintiffs and on the dates he worked on Plaintiffs' home. There is some evidence that Mr. Maxwell does not presently have an insurance policy on file. However, that relates to the present status of Debtor, not the past.  Plaintiffs have the burden of proof on this issue and have offered no evidence to establish this element.

Plaintiffs have also failed to establish, by a preponderance of the evidence, that Mr. Maxwell made representations which he knew were false at the time they were made and that the representations were made with the intent to deceive the Plaintiffs.   Ms. Hughes testified about the claims that Mr. Maxwell made about his abilities and the quality of his work, and that the

work performed did not measure up to these claims. She further testified that she did not believe that Mr. Maxwell intended to do a bad job, but that his financial circumstances had made him cut some corners.

The pictures offered into evidence would probably support a finding that the work performed by Mr. Maxwell was of inferior quality. However, any representations by Mr. Maxwell concerning the quality of his work would amount to promises to perform acts in the future. Such promises are not considered misrepresentations which justify an exception to dischargeability merely because the promise subsequently is breached. *See Allison v. Roberts (In re Allison)*, 960 F.2d 481, 484 (5th Cir.1992).

The Debtors have sought sanctions in this case and claim that Plaintiffs have filed this action in bad faith. The Court is concerned about the late development of the "not qualified as a Master Plumber" theory and also with the frequent late filings by the Plaintiffs, including the untimely witness and exhibit list offered for trial. However, the record considered as a whole does not support a bad faith finding.

Accordingly, judgement will be entered for Defendants and Defendants' request for sanctions will be denied.

###End of Opinion###